**Rebecca L. WELCH, et al., Plaintiffs,**

v.

**Raymond J. DONOVAN, et al., Defendants.**

Civ. A. No. 82–1753.

United States District Court, District of Columbia.

Nov. 1, 1982.

---

**810**

Elizabeth L. Newman, Washington, D.C., Robert J. Affeldt, Sylvania, Ohio, for plaintiffs.

Richard A. Stanley, Asst. U.S. Atty., Washington, D.C., for defendants.

### ORDER

JOYCE HENS GREEN, District Judge.

Before the Court is defendants' motion to dismiss the complaint in this action and plaintiffs' motion for a preliminary injunction. Plaintiffs purport to be a class of female and black employees and potential employees of Owens Corning Fiberglas who seek to remedy alleged discrimination by that company against them at its Toledo, Ohio facility and other locations throughout the United States. Five of the plaintiffs here are also plaintiffs in consolidated actions against Owens Corning Fiberglas now pending in the United States District Court for the Northern District of Ohio, Western Division, wherein they seek to remedy the same harm alleged here. In the instant case, however, plaintiffs have sued not Owens Corning Fiberglas but the Secretaries of Labor, Energy, and Defense. Essentially plaintiffs want the defendants in this case to be ordered to employ the mechanism of Executive Order 11246 and various regulations that prohibit the award of government contracts to discriminatory employers so as to compel Owens Corning Fiberglas to cease the discriminatory practices in which plaintiffs allege they engage. As part of this relief, plaintiffs seek to have defendants mandated to require Owens Corning Fiberglas to pay the purported class $50 million in lost earnings due to the alleged discrimination. For the reasons which follow, defendants' motion to dismiss will be granted in part and plaintiffs' motion for a preliminary injunction will be denied.

This Court does not have subject matter jurisdiction over most of the complaint. First, plaintiffs apparently concede that the Administrative Procedure Act "does not afford an implied grant of subject matter jurisdiction permitting federal judicial review of agency action," *Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977), as they do not respond to defendants' reference to this proposition in their opposition to the motion to dismiss. This leaves the Mandamus Act, 28 U.S.C. § 1361, as their sole remaining asserted basis for jurisdiction.

It has been held by another member of this Court that the Mandamus Act provides an independent grant of jurisdiction to the federal courts. *National Welfare Rights Organization v. Weinberger,* 377 F.Supp. 861, 866–67 and 867 n. 6, citing *Carter v. Seamans,* 411 F.2d 767 (5th Cir. 1969), *cert. denied,* 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970). The Mandamus Act provides jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. As such, it does not allow judicial intervention in matters which are within the properly-exercised discretion of governmental officials. *See, e.g., Haneke v. Secretary of Health, Education and Welfare,* 175 U.S.App.D.C. 329, 535 F.2d 1291, 1296 and 1296 n. 15 (also noting the "extraordinary" nature of the

mandamus remedy and its restriction to use in "exceptional circumstances.")

 The administrative process on which plaintiffs seek to have defendants compelled to embark is fraught with discretion. The only mandatory provision in the regulations that are subject of plaintiff's prayer for relief is that which requires that the government make a review of a company's compliance with Executive Order 11246's requirements of non-discrimination before any contract worth more than $1 million may be awarded to that company. 41 C.F.R. § 60–1.20(d). As the objective of this regulation is to prevent or remedy the type of harm plaintiffs allege, the Court cannot state that plaintiffs are without standing to litigate the question of whether defendants have performed their duties under this regulation. With regard to the discretionary provisions in the relevant regulations, plaintiffs do not state facts alleging abuses of discretion.

It appears that the sole question remaining for resolution by this Court, that of whether defendants have violated their mandatory duty under the regulation requiring preaward compliance reviews, 41 C.F.R. § 60–1.20(d), could be addressed by motions for summary judgment from the parties. As plaintiffs do not meet the requirements for a preliminary injunction as set forth in *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.,* 182 U.S.App.D.C. 220, 559 F.2d 841 (1977) and *Virginia Petroleum Jobbers Association v. F.P.C.,* 104 U.S.App.D.C. 106, 259 F.2d 921 (1958), their motion for such relief shall be denied.

In light of the foregoing, it is, by the Court, this 1st day of November, 1982,

ORDERED that defendants' motion to dismiss shall be and hereby is granted in part and denied in part as set forth in this Order, and it is

FURTHER ORDERED, that plaintiffs' motion for a preliminary injunction shall be and hereby is denied, and it is

FURTHER ORDERED, that defendants shall file their motion for summary judg-ment as to the question of their having met the requirements of the regulation governing preaward compliance reviews, 41 C.F.R. § 60–1.20(d) within 14 days of the date of this Order, plaintiffs' opposition thereto and cross-motion for summary judgment to be filed no later than 10 days after the filing of defendants' motion, and defendants' reply to plaintiffs' opposition and response to plaintiffs' motion to be filed no later than 10 days after the filing of plaintiffs' papers.